## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DONALD R. ARSENAULT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: S23C-03-001 RHR |
| | ) | |
| PENINSULA VETERINARY | ) | |
| SERVICES LLC, and | ) | |
| APRIL REID, D.V.M. D/B/A | ) | |
| PENINSULA VETERINARY SERVICES, | ) | |
| Defendants. | ) | |

Submitted: July 17, 2024
Decided: October 16, 2024

## MEMORANDUM OPINION

*Upon Consideration of the Defendants' Motion for Summary Judgment*
**GRANTED**

Donald R. Arsenault, Millsboro, Delaware, *Plaintiff (pro se)*.

Thomas J. Marcoz, Jr., MARSHALL DENNEHEY, Wilmington, Delaware, *Attorney for Defendants, Peninsula Veterinary Services LLC, and April Reid, D.V.M., d/b/a Peninsula Veterinary Services*.

**Robinson, J.**

## INTRODUCTION

Defendants Dr. April Reid and Peninsula Veterinary Services, LLC filed a motion for summary judgment seeking dismissal of Donald R. Arsenault's complaint, which alleges three counts arising from the deaths of his two dogs: breach of contract, negligence, and wrongful death. In his response to the motion for summary judgment, Arsenault abandoned his claims for negligence and wrongful death. Because his breach of contract claim cannot act as a substitute for his unsuccessful tort claims, summary judgment is **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

On January 27, 2021, Arsenault took his two dogs, Cho and Coco, to Dr. Reid's veterinary business, Peninsula Veterinary Services, where an employee prescribed both dogs medication. The employee told Arsenault to give both dogs two tablets per day until each prescription of one hundred twenty tablets was used up.

On March 2, 2021, Arsenault brought Cho back to Dr. Reid's practice for a dental checkup and teeth cleaning. Dr. Reid later called Arsenault to tell him that Cho needed a tooth extraction. Arsenault disagreed with her recommendation, but eventually consented. Arsenault alleges that Dr. Reid extracted additional teeth without his permission and failed to suture the dental wounds, causing significant

---

[1] The following facts are drawn from the complaint and its exhibits.

bleeding. Once home, Cho continued to bleed and vomit blood. Arsenault returned to Peninsula Veterinary Services several times in the following days seeking treatment for Cho's bleeding.

Between March 6 and March 14, 2021, Cho appeared to be recovering but started vomiting again on March 15. On March 16, Arsenault took Cho back to Peninsula Veterinary Services seeking overnight care, but the practice refused to keep Cho overnight. Instead, Arsenault took Cho to Blue Pearl Emergency Hospital in Newark, Delaware. Cho remained in intensive care for four days before passing away.

As a precaution, Arsenault took Coco to a different animal hospital for evaluation and testing. Arsenault states that the testing revealed that Coco had liver, thyroid, and kidney damage. Coco later died.[2]

Arsenault claims that the medication prescribed by Dr. Reid's employee caused both Cho's and Coco's deaths. He asserts that the prescriptions were intended for animals weighing far more than Cho and Coco, who weighed less than fifteen pounds each. He states that he experienced great pain and anguish after losing his dogs. Arsenault seeks reimbursement for $9,144.08 in medical expenses rendered to Cho and Coco, $1,200.00 for his pain and suffering, interest, fees, and costs.[3]

---

[2] The complaint does not say how or when Coco died.
[3] D.I. 1, Compl. at 7.

By letter dated April 24, 2024, the defendants' attorney requested a conference with the court because Arsenault had not provided any expert witness reports before the November 9, 2023 deadline set in the court's May 3, 2023 scheduling order, and that he had not scheduled any depositions even though the discovery deadline was only several weeks away. At a status conference on May 6, 2024, the court reminded Arsenault that he bore the burden of proof in this case and gave him additional time to find an expert. The parties later stipulated to a new scheduling order, which the court approved. After Arsenault again failed to produce any expert reports by the new deadline, the defendants filed a motion for summary judgment.[4] As noted above, in Arsenault's response to the motion for summary judgment, he acknowledged that his claims for negligence and wrongful death should be dismissed because he had no expert testimony to support these claims. He states that the breach of contract claim should go forward. He asserts that Dr. Reid breached a contract when she removed more teeth from Cho than she was authorized to do and when she failed to suture or stitch the wounds from the extractions.

---

[4] In the motion, the defendants mention that they had supplied an expert witness report to Arsenault, but they did not file it with the court.

## STANDARD OF REVIEW

The court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[5] The moving party bears the initial burden of proof, and the court must view the facts in a light most favorable to the non-moving party.[6]

## DISCUSSION

Arsenault's breach of contract claim cannot survive summary judgment because it fails to allege a duty independent of those of his tort claims. In *EZLinks Golf, LLC v. PCMS Datafit, Inc.*, this court held that "[f]or both a breach-of-contract claim and a tort claim to coexist in a single action, 'the plaintiff must allege that the defendant breached a duty that is independent of the duties imposed by the contract.'" [7] Here, Arsenault's breach of contract claim relies exclusively on facts that either suggest medical negligence or are entirely unrelated to any alleged harm. Specifically, Arsenault supports this claim by alleging that: (1) Dr. Reid extracted more teeth than she was supposed to; (2) Dr. Reid failed to stitch Cho's wounds and

---

[5] *Simmons v. Farmer*, 2017 WL 5593524, at *1 (Del. Super. Ct. Nov. 7, 2017).
[6] *Id.*
[7] *EZLinks Golf, LLC v. PCMS Datafit, Inc.*, 2017 WL 1312209, at *3 (Del. Super. Ct. Mar. 13, 2017) (citing *Brasby v. Morris*, 2007 WL 949485, at *7 (Del. Super. Ct. Mar. 29, 2007)).

sent him home with significant bleeding; (3) an unlicensed employee cleaned Cho's teeth; and (4) that Dr. Reid "failed to take [Cho] for overnight care."[8] Facts (1), (2), and (4) arise out of the same duty of care as the forgone medical negligence claim. Fact (3) is unrelated to any alleged harm. Accordingly, Arsenault's breach of contract claim cannot act as a substitute for his unsuccessful negligence claims because they rely on a breach of the same duty.

The present case is similar to *Simmons v. Farmer*.[9] In *Farmer*, the plaintiffs attempted to sue a veterinarian under a theory of breach of contract after discovering that their dog's anal gland was not removed, despite undergoing surgery to remove it.[10] The *Farmer* court ultimately found that "[i]t would be improper . . . to allow [the plaintiffs] to turn what is clearly a tort action into a contract action."[11] Having abandoned his tort claims, Arsenault similarly attempts to convert this tort action into a contract action. Because his only surviving claim arises out of contract law and does not allege an independent duty, no valid claims for relief remain.

## CONCLUSION

Even in a light most favorable to Arsenault, Dr. Reid and Peninsula Veterinary Services are entitled to judgment as a matter of law. Arsenault has withdrawn his

---

[8] Compl. at 2-3.
[9] *Farmer*, 2017 WL 5593524, at *1.
[10] *Id*. at *3.
[11] *Id*.

tort claims, leaving only a contract claim that fails to allege an independent duty. Considering the above, and in the absence of any genuine issues of material fact, the defendants' motion for summary judgment must be **GRANTED**.

    **IT IS SO ORDERED.**